UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ONE DUBLIN SQUARE OF HAMMOND LIMITED CONDOMINIUM ASSOCIATION, PLAINTIFF <br><br> VERSUS <br><br> WESCO INSURANCE COMPANY <br> DEFENDANT | CIVIL ACTION NO.: 2:22-cv-1244 <br><br> SECTION: <br><br> JUDGE: <br><br> MAGISTRATE: |

### NOTICE OF REMOVAL

Wesco Insurance Company ("Wesco"), defendant in the above captioned civil action, without waiving any of its defenses, hereby removes this civil action originally filed in the 21st Judicial District Court for the Parish of Tangipahoa to this Honorable Court. In support of removal, Wesco submits, as follows:

### REMOVAL IS TIMELY

1.

On or about March 16, 2022, plaintiff, One Dublin Square of Hammond Limited Condominium Association filed a Petition for Damages ("Petition") in the 21st Judicial District Court for the Parish of Tangipahoa, naming Wesco as the only defendant.

2.

This Notice of Removal is timely "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…." 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-8, 119 S.Ct. 1322, 1325, 143 L.Ed. 2d 448 (1999) ("Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons

and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").

3.

Wesco was served with the Petition through the Louisiana Secretary of State on April 6, 2022.  *See* correspondence and Citation from Louisiana Secretary of State, attached hereto as **Exhibit 1.**  The Petition and Citation were later provided to Wesco.  This Notice of Removal is timely because it was filed within 30 days of Wesco being served with the Petition.

**VENUE IS PROPER**

4.

Venue is proper in this judicial district under 28 U.S.C. § 1441(a).  This civil action is removed from the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana.  For purposes of 28 U.S.C. § 1446(a), the United States District Court for the Eastern District of Louisiana "is the district court of the United States for the district and division within which such action is pending."

**REMOVAL BASED UPON DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)**

5.

This civil action is properly removed based upon diversity jurisdiction under 28 U.S.C. § 1332(a).  Under 28 U.S.C. § 1332(a), this Honorable Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."  The amount in controversy for the claims presented by plaintiff exceeds $75,000.00, exclusive of interest and costs, and complete diversity exists between plaintiff and defendant.

A.      **Complete Diversity Exists Between Plaintiff And Defendant**

6.

In the Petition, plaintiff, One Dublin Square of Hammond Limited Condominium Association, alleges it is a "juridical person located inside of the Parish of Tangipahoa, State of Louisiana." *See Petition* at Preamble. Records maintained by the Louisiana Secretary of State indicate that plaintiff is a non-profit corporation domiciled in Hammond, Louisiana. Upon information and belief, plaintiff's principal place of business also in Hammond, Louisiana. Thus, for purposes of removal under 28 U.S.C. §§ 1332(a) and 1441, plaintiff is a citizen of the State of Louisiana, where it is domiciled and maintains its principal place of business, for the purpose of determining diversity of citizenship in this litigation.

7.

The Petition is silent as to the citizenship of Wesco, claiming only that it is "a foreign insurance company which is authorized to do and doing business in the State of Louisiana." *Petition* at ¶ 1. Wesco is an insurance company organized and existing under the laws of the State of Delaware with its principal place of business in New York. Thus, for purposes of removal under 28 U.S.C. §§ 1332(a) and 1441, Wesco is a citizen of the State of Delaware, where it was organized and a citizen of the State of New York, where it maintains its principal place of business, for the purpose of determining diversity of citizenship in this litigation.

8.

Accordingly, complete diversity exists between plaintiff, One Dublin Square of Hammond Limited Condominium Association (Louisiana), and defendant, Wesco (Delaware and New York). Therefore, this action is properly removed based upon diversity under 28 U.S.C. §§ 1332(a) and 1441.

**B.     The Amount In Controversy Exceeds $75,000.00, Exclusive Of Interest And Costs**

9.

In accordance with 28 U.S.C. § 1332(a), the amount in controversy required to establish diversity jurisdiction must exceed $75,000.00, exclusive of interest and costs.

10.

It has been established by the United States Fifth Circuit that "the removing defendant can meet its burden of proving by a preponderance of the evidence that the amount in controversy has been met by showing… that it is 'facially apparent' from the petition that the amount in controversy likely exceeds the jurisdictional amount." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).  Although the Petition is silent as to the amount in controversy, the lack of specific monetary damage alleged in the Petition does not end the inquiry into the amount in controversy—if a plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires that a removing defendant prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.  *Simon v. Wal-Mart Stores,* 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995); *see also DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).  A defendant may either show that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute for a finding that the jurisdictional amount is satisfied.  *Simon,* 193 F.3d at 850; *Allen,* 63 F.3d at 1335.  However, as held by the United States Supreme Court, while a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," it does not need to incorporate evidence supporting that allegation.  *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014).  Here, a preponderance of the evidence shows that plaintiff's claims exceed the jurisdictional amount.

11.

Wesco contests that any amount is owed to plaintiff and has numerous defenses to the claims presented in this lawsuit.  For purposes of removal, however, this Honorable Court should look to the amount being claimed by plaintiff without reference to any potential defenses that may exist as to those claims.  *See St. Paul Mercury Ind. Co. v. Red Cab Co.*, 303 U.S. 283, 292, 58 S. Ct. 586, 592, 82 L. Ed. 845 (1938) ("for the fact that it appears from the face of the complaint that a defendant has a valid defense, if asserted, to all or a portion of the claim, or the circumstance that the rulings of the district court after removal reduce the amount recoverable below the jurisdiction requirement, will not justify remand."); *see also Marcel v. Pool Co.,* 5 F.3d 81, 84 (5th Cir. 1993).

12.

Plaintiff alleges in its *Petition* that its property located at 1250 SW Railroad Ave, Hammond, Louisiana 70403 ("Property") sustained "massive damage" as a result of Hurricane Ida on August 29, 2021.  *Petition* at ¶¶ 2, 4-5.  Plaintiff further claims that Wesco issued a policy of insurance to plaintiff which provides coverage for the damage to the Property.  *Petition* at ¶ 2. Plaintiff claims that it submitted a claim to Wesco and provided satisfactory proof of loss.  *Petition* at ¶¶ 7-8.

13.

Plaintiff further claims that Wesco failed to fulfill its obligations under the policy of insurance and is liable to plaintiff for the following reasons:

    a.    Failing to pay for all damages due under the policy;
    b.    Failing to include all damages in scope of loss/damage estimate;
    c.    Failing to bring in qualified professionals to timely and properly assess all of the damages;
    d.    Overly depreciating the value of the property and value of contents items;
    e.    Refusing to explain or provide insured with a copy of the depreciation schedule used to calculate depreciation;

      f.      Failing to pay for post-catastrophe price increases;
      g.     Failing to timely and/or fully pay all lost rents;
      h.     Failure to timely and properly communicate with insured; and
      i.      Arbitrary and capricious failure to investigate, initiate loss adjustment, analyze, and pay claim in good faith and within a reasonable period of time, all in violation of LSA R.S. Arts. 22:1973 and 22:1892.

*Petition* at ¶ 10.

14.

Plaintiff alleges that it has sustained the following damages:

a. Full value of the property damage to the Property;
b. Loss of Use;
c. Recoverable Depreciation;
d. Mold Damage and Remediation;
e. Debris Clean Up and Removal;
f. Cost of Compliance;
g. Mental Anguish;
h. Attorney fees and case costs;
i. Arbitrary and capricious penalties, attorney's fees, and general and special damages pursuant to LSA R.S. Arts. 22:1973 and 22:1892; and
j. Wrongfully denying coverage for the loss.

*Petition* at ¶ 11.

15.

On December 21, 2021, plaintiff provided to Wesco an estimate of damages for Building 1 in the amount of $205,209.67 (RCV) and $188,553.57 (ACV) and for Building 2 in the amount of $119,480.64 (RCV) and $105,610.91 (ACV). Accompanying the estimate was a demand for an unconditional tender in the amount of $157,240.92 for Building 1 and $74,298.26 for Building 2. Wesco disagreed with plaintiff's demand and estimate, and following a re-inspection, Wesco issued payment to plaintiff in the amount of $49,676.31 for Building 1 and $17,871.75 for Building 2 in March 2022. The difference in the demand for an unconditional tender and the payments made is $107,564.61 for Building 1 and $56,426.51 for Building 2.

16.

Because plaintiff is claiming entitlement to statutory penalties and attorneys' fees for Wesco's alleged arbitrary and capricious acts, this Honorable Court should consider potential recovery for statutory penalties in determining the amount in controversy for the purpose of diversity jurisdiction. *See, e.g., Manguno v. Prudential Property and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002); *Gelvin v. State Farm Mut. Auto. Ins. Co.*, 2012 WL 1354855 (E.D. La. 2012); *Vizzini v. Amy Falcon Ins. Agency, Inc.*, 2008 WL 686890 (E.D. La. 2008).

17.

Plaintiff is seeking at least $163,991.12 (the amount of plaintiff's estimate less Wesco's estimate and payment), which is above the $75,000 jurisdictional minimum. Plaintiff also is seeking penalties and attorney's fees under LSA-R.S. § 22:1892, which amounts are in addition to the amount of loss. LSA-R.S. § 22:1892 provides a mandatory penalty of "fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs." LSA-R.S. § 22:1892. Louisiana and federal courts have recognized that the customary fees for a claim of this type is a contingency fee of 33% applied to the amount recovered, although some courts have awarded higher percentages. *See, generally, Doyle v. Allstate Insurance Co.*, 2006 WL 3916579 (W.D. La.2006); *Dixon v. First Premium Ins. Group*, 934 So.2d 134 (La.App. 1st Cir. 2006) (awarding as much as $25,000 in fees on a $19,000 homeowner's insurance claim); Francis *v. Travelers Ins. Co*., 581 So.2d 1036 (La.App. 1st Cir.1991) (attorneys' fees premised on a 1/3 contingency fee agreement); *Gelvin v. State Farm Mutual Automobile Insurance Company*, 2012 WL 1354855, *3 (E.D.La.2012) (potential award of attorney's fees under LSA-R.S. § 22:1892 based on a 40% contingency fee on the full amount of the potential award of damages and penalties).

18.

Accordingly, at a minimum, the amount in controversy, exclusive of interest or costs, is $245,986.68, plus attorney's fees, which amount does not even include the unspecified amounts for alleged mold damage and remediation expenses, recoverable depreciation, debris cleanup and removal, and cost of compliance.

19.

Removal is permitted where the facts in dispute support a finding that the claims presented exceed the jurisdictional amount. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Considering the foregoing allegations in plaintiff's *Petition* against Wesco with regard to the claims under the alleged policy, penalties and attorney fees, as well as plaintiff's previous demand and estimate, it is clear that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

20.

Considering the above, complete diversity exists between plaintiff and defendant. The amount in controversy for the claims presented by plaintiff exceeds $75,000.00, exclusive of interest and costs. This Honorable Court has jurisdiction over this civil action in accordance with 28 U.S.C. §§ 1332(a) and 1441(a).

21.

Attached hereto as **Exhibit 2** are pleadings filed into the record of the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, in accordance with 28 U.S.C. § 1446(a). After the filing of this Notice of Removal, a copy of this Notice will be filed with the Clerk of Court for the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, as provided by law.

**WHEREFORE**, defendant, Wesco Insurance Company, hereby removes this civil action to this Honorable Court and request that jurisdiction be assumed over all the claims made in this civil action, and that this civil action be maintained in the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

**LARZELERE PICOU WELLS
    SIMPSON LONERO, LLC**
Suite 500 - Two Lakeway Center
3850 N. Causeway Boulevard
Metairie, LA   70002
Telephone:     (504) 834-6500
Fax:               (504) 834-6565

**BY:**    */s/ Angie Arceneaux Akers*
**JAY M. LONERO, T.A. (No. 20642)**
    jlonero@lpwsl.com
**ANGIE A. AKERS (No. 26786)**
    aakers@lpwsl.com
**LARA J. JENSEN (No. 24131)**
    ljensen@lpwsl.com

**ATTORNEYS FOR WESCO INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of May 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service.  I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States mail, properly addressed and first class postage prepaid.

   */s/    Angie Arceneaux Akers*